STEPHEN L. ANDERSON (CBN 150860)
ANDERSON LAW
41923 Second Street, Suite 201
Temecula, California 92590
Tel. (951) 296-1700
Fax (951) 296-0614
e-mail: attorneys@brandxperts.com

Attorney for Defendant
BONNI ISON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GUTENBERG<br><br>                    Plaintiff,<br><br>v.<br><br>BONNI ISON d/b/a PREMIER DESERT ESTATES and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No: 5:21-cv-02134 PA (SHKx)<br><br>Hon. Percy Anderson<br><br>**DEFENDANT BONNI ISON'S' ANSWER TO PLAINTIFF'S (FIRST) AMENDED COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Pursuant to Rule 12 and 38 of the Federal Rules of Civil Procedure, Defendant BONNI ISON, ("Defendant") by and through counsel, hereby answers the Amended Complaint of Plaintiff, George Gutenberg ("Plaintiff"), as follows:

1.  Answering paragraph 1 of the Plaintiff's (First)Amended Complaint, ("Complaint"), Defendant admits only that the allegations therein purport to seek relief under the Copyright Act. Defendant denies that Plaintiff is entitled to any relief and further denies the truth and validity of Plaintiff's claims and allegations brought against Defendant herein.

2.  The allegations contained in Paragraph 2 of the Complaint are conclusions

of law to which no response is necessary. To the extent the allegations are factual in nature, Defendant denies said allegations.

3. The allegations contained in Paragraph 3 of the Complaint are conclusions of law to which no response is necessary. To the extent the allegations are factual in nature, Defendant is without sufficient information and belief to admit or deny the allegations contained therein and on such basis, denies generally and specifically each and every allegation stated.

4. Defendants allege that the allegations of Paragraph 4 of the Complaint are conclusions of law to which no response is necessary. To the extent the allegations are factual in nature, Defendant denies said allegations.

5. Defendant is without sufficient information and belief to admit or deny the allegations contained in Paragraph 5 of the Complaint and on that basis, denies generally and specifically each and every allegation stated.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Answering paragraph 7 of the Complaint, Defendant is without sufficient information and belief to admit or deny the conclusory allegations contained therein and denies generally and specifically each and every allegation stated.

8. Answering paragraph 8, Defendant is without sufficient information and belief to admit or deny the allegations contained therein and denies generally and specifically each and every allegation stated.

9. Answering paragraph 9, Defendant denies generally and specifically each and every allegation stated.

10. Answering paragraph 10 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations contained therein and on that basis, denies generally and specifically each and every allegation stated.

11. Answering paragraph 11, Defendant is without sufficient information and belief to admit or deny the vague allegations contained therein and on that basis, denies generally and specifically each and every allegation stated.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits that she has done business under the fictitious trade name Premier Desert Estates and/or Village at La Quinta Realtors.

14. Defendant is without sufficient information and belief to admit or deny the allegations contained in paragraph 14 of the Complaint, and on that basis, denies generally and specifically each and every allegation stated.

15. Defendant admits only that she is the beneficial registrant of the domain name https://www.premierdesertestates.com/.

16. Defendant admits that only that a portion of the quoted language alleged has appeared on an interactive website located at https://www.premierdesertestates.com/properties/expert-buying-advice.

17. Defendant is without sufficient information and belief to admit or deny the allegations contained in paragraph 17 of the Complaint and on that basis, denies generally and specifically each and every allegation stated.

18. Defendant is without sufficient information and belief to admit or deny the allegations contained in paragraph 18 of the Complaint and on that basis, denies generally and specifically each and every allegation stated.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the vague, conclusory and incomprehensible allegations contained in paragraph 20 of the Complaint.

21. Defendant is without sufficient information and belief to admit or deny the allegations contained in paragraph 21 of the Complaint, and on that basis, denies such allegations.

22. Defendant admits the allegations contained in paragraph 22.

23. Defendant is without sufficient information and belief to admit or deny the allegations contained in paragraph 23 of the Complaint, and on that basis, denies such

allegations.

24. Defendant is without sufficient information and belief to admit or deny the allegations contained in paragraph 24 of the Complaint, and on that basis, denies such allegations.

25. Defendant is without sufficient information and belief to admit or deny the allegations contained in paragraph 25 of the Complaint, and on that basis, denies such allegations.

26. Defendant hereby incorporates her responses set forth above. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

Defendant denies that Plaintiff has any grounds or basis for the claims for relief asserted and denies generally and specifically that Plaintiff is entitled to any relief, monetary, injunctive or otherwise, prayed for in the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

Plaintiff has failed to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred by the applicable statute of limitations, including, but not limited to 17 U.S.C. 507(b), based on the failure of Plaintiff to file his claims within three years of it accruing.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction / Failure to Register)

Plaintiff's claims are barred for a lack of subject matter jurisdiction because Plaintiff has not properly or timely registered Plaintiff's alleged works with the Copyright Office.

### FOURTH AFFIRMATIVE DEFENSE
### (Invalidity or Unenforceability)

Plaintiff lacks valid any copyright registrations for the intellectual property rights asserted. Plaintiff further lacks any right or license which would entitle him to bring any action to enforce any intellectual property rights in the photographs alleged as the copyrighted work and identified in the Complaint and the Exhibits thereto.

### FIFTH AFFIRMATIVE DEFENSE
### (Plaintiff Lacks Ownership in the Alleged Works)

Plaintiff is not now and never was the owner of the photographs alleged in the Complaint. On information and belief, the alleged photographs were created as a work for hire and are owned by John J. Anderholt and Cindy Davis Anderholt.

### SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands/ Fraudulent Misstatements)

Plaintiff's claims are barred by the doctrine of unclean hands, as Plaintiff, made intentional false statements to the Copyright Office during the registration application process.

//

//

## SEVENTH AFFIRMATIVE DEFENSE
### (Fair Use)

Plaintiff's claims are barred by the doctrine of fair use, 17 U.S. Code § 107.

## EIGHTH AFFIRMATIVE DEFENSE
### (License, Consent, and Acquiescence)

Plaintiff's claims are barred by Plaintiff's license, consent, and acquiescence to the alleged use. Plaintiff authorized, impliedly or explicitly, the allegedly infringing use of his alleged work, and his claims are therefore barred.

## NINTH AFFIRMATIVE DEFENSE
### (Express and/or Implied License)

Plaintiffs' claims are barred inasmuch as Defendant has been granted and received an express or implied license or sub-license to use the alleged photographs by John J. Anderholt and Cindy Davis Anderholt, the owners of the real estate property located at 80780 Vista Bonita, La Quinta, California. The photographs themselves were created for the express purpose of promoting the lease, rental and potential sale of the real estate property and for none other. Upon information and belief, the photographs alleged as the copyrighted work were licensed and used by Ison and others and for Multiple Listing Services which used the photographs for the property shown therein.

## TENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs' claims are barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE
### (First Amendment)

Plaintiffs' claims are barred because the statements attributed to Defendant and the Defendants' actions alleged in the Complaint are protected by the First Amendment to the United States Constitution.

//

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

To the extent Plaintiff suffered any damages, which Defendant expressly denies, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Substantial Non-Infringing Use)

Plaintiff's claims are barred because Plaintiff cannot establish that Defendant's acts and conduct alleged are incapable of substantial non-infringing use.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

Plaintiff's claims are barred, in whole or in part, because Defendant's alleged acts and conduct were in good faith and with non-willful intent, at all times and the alleged infringement was not caused by any volitional act attributable to the Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Unconstitutionally Excessive Damages)

Plaintiff's claims are barred because the damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained as the result of any conduct by Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Unavailability of Statutory Damages and Attorney's Fees)

Plaintiff's claims for relief including for statutory damages and attorneys' fees are barred under the applicable provisions of the Copyright Act. 17 U.S.C. § 412.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Plaintiff's Claims for Damages are barred as a Matter of Law)

Even assuming arguendo that the Defendant's posting of the photographs on her web site constituted a single act of infringement of a single copyrighted work, Plaintiff's claims for damages are barred  because the photographs, were posted in 2014 and thus "the first

act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412." *Id.* at 701.  (See also e.g., *Pete Livingston v. Art.Com, Inc.,* (N.D. CA Case No. 13-Cv-03748-JSC - July 11, 2014). Therefore, because the alleged infringement occurred many years before the work was allegedly copyrighted, Plaintiff's claims for damages are barred under the Copyright Act.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

Plaintiff has suffered no damages and there is no basis in fact or law to award any monetary or pecuniary damages to Plaintiff as the result of any act or omission of the Defendant.

### Right to Raise Additional Affirmative Defenses

Defendant reserves the right to raise additional affirmative defenses as discovery proceeds and more facts and/or information are revealed.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff take nothing and that judgment be entered for Defendant for an award of attorneys' fees and costs, and that the Court grant such further relief to Defendants as it deems proper.

DATED:  February 24, 2022        by: /*StephenL Anderson*/_____
                                      STEPHEN L. ANDERSON
                                      Attorney for Defendant
                                      BONNI ISON

## REQUEST FOR A JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury.

Respectfully submitted,

Dated:  February 24, 2022                         By:  */StephenL Anderson*
                                                              Stephen L. Anderson
                                                              Attorney for Defendant

# CERTIFICATE OF FILING AND SERVICE VIA ECF

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I am employed in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action. My business address is: 41923 Second Street, Suite 201, Temecula, CA 92590.

I caused the following document(s) described as:

**DEFENDANT BONNI ISON'S' ANSWER TO PLAINTIFF'S (FIRST) AMENDED COMPLAINT**

to be served on all interested parties in this action as follows:

Mathew K. Higbee
Ryan Carreon
Higbee & Associates
1504 Brookhollow Drive, Suite 112
Santa Ana, CA 92705

BY CM/ECF NOTICE OF ELECTRONIC FILING:

I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed at Temecula, California.

by: /*StephenL Anderson*/
STEPHEN L. ANDERSON
Attorney for Defendant
BONNI ISON